816 F.2d 673
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Alice E. RICHMOND, Plaintiff-Appellant,
v.
COMMUNICATION SATELLITE CORPORATION; Herbert Hanson,
General Manager, Defendants-Appellees.
 No. 86-1630.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 16, 1987.
Decided April 13, 1987.
 
 Before WIDENER, PHILLIPS and CHAPMAN, Circuit Judges.
 James F. McConville, Gary T. Brown, Herndon, McConville, Brown, Teller & Hessler, for appellant.
 Anthony Walter Kraus, Semmes, Bowen & Semmes; Robert John Smith, Morgan, Lewis & Bockius, for appellees.
 PER CURIAM:
 
 
 1
 Alice Richmond, the appellant, originally filed suit against Communications Satellite Corporation and Herbert Hanson, the appellees, for employment discrimination. Richmond presented five grounds for relief. Communications Satellite and Hanson filed a motion with the district court for partial summary judgment as to two of the counts. The district court granted the motion and Richmond noted her appeal. The appellees filed a motion to dismiss the appeal as interlocutory. Richmond responded by filing a motion in the district court for certification under Fed.R.Civ.P. 54(b). The district court denied the motion. Richmond's original counsel then withdrew from representation; her new counsel has moved for voluntary dismissal of the appeal. The appellees oppose the voluntary dismissal and seek costs and attorney's fees under Rule 38, Fed.R.App.P.
 
 
 2
 Richmond's motion for voluntary dismissal may not be granted because the appellees have clearly indicated their objection to the voluntary dismissal. Thus it is necessary to determine whether a dismissal is proper.
 
 
 3
 Under 28 U.S.C. Sec. 1291, this Court only has jurisdiction to review final decisions of the district court. A final decision disposes of all issues in dispute as to all parties. "Federal appellate jurisdiction generally depends on the existence of a decision by the District Court that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " Coopers & Lybrand v. Livesay, 437 U.S. 463, 467 (1978) (quoting Catlin v. United States, 324 U.S. 229, 233 (1945)). Final judgment has not yet been entered in this case.
 
 
 4
 Although the district court has dismissed two of the claims originally presented, Rule 54(b) provides that for an order to be considered final in cases involving multiple claims or multiple parties, the district court must make "an express determination that there is no just reason for delay and ... an express direction for entry of judgment." As the district court has denied Richmond's motion for certification, its partial summary judgment order is not final and therefore not properly before this Court for review.
 
 
 5
 Accordingly, we dismiss the appeal. We decline, however, to grant the appellees' motion for costs and attorney's fees. Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument.
 
 
 6
 DISMISSED.